```
        IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **JIMMIE D. FAIN, #115608,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION 05-00030-CG-B |
| **MARY BOWLIN,** *et al.*, | : |
| Defendants. | : |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that the claims against Defendants Doe and Mary Bowlin be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because Plaintiff's claims against them are either frivolous or fail to state a claim upon which relief may be granted.

**I.  Complaint (Doc. 1).**

Plaintiff filed this Complaint against Defendants, Mary Bowlin, whom he describes as Magistrate, Clerk, and Jail Administrator for the City of Daphne, Alabama; Ms. Stanton, who is described as Chief Jailer, Daphne City Jail; Jackie Snow, who is described as Jailer; Marian Scott, who is described as Jailer; and

Defendant Doe, whose name is unknown, and who is described as an officer assigned to second shift at the Daphne Police Department.

The gist of Plaintiff's claim is that when he was transferred to the Daphne City Jail he was not provided his high blood pressure medication and as a result, he suffered a heart attack. Specifically, Plaintiff alleges as follows:

In October, 2002, Plaintiff was transported from the Baldwin County Jail, pursuant to a detainer, to the Daphne City Jail by Defendant Doe.  Defendant Doe was instructed to pick up Plaintiff's medication by driving around back to the nurses' station; however, he forgot to do so.  Approximately two blocks from the Baldwin jail, Plaintiff questioned Defendant Doe about the medication, and was advised that he had forgotten to pick up the medication, and that he would retrieve it on his next trip to the Baldwin jail. According to Plaintiff, once he arrived at the Daphne City Jail, he was placed in a holding cell for twelve hours before he appeared before Defendant Bowlin, who was acting in her capacity as a Magistrate.  According to Plaintiff, he  was advised of the charges against him and of the fines, and was told that he would have to serve time when he advised that he could not pay the fines.  At that point, Plaintiff informed Defendant Bowlin that he needed his blood pressure medication, which had been left behind at the Baldwin jail.  In response, Defendant Bowlin instructed Defendant Stanton to ensure that Plaintiff received his medication.

2

Plaintiff asserts that he inquired daily of all jail personnel, including Defendants Snow and Scott, about his medication and explained to them, his need for the medication; however, no action was taken. During November and December, 2002, Plaintiff wrote to Defendants Bowlin and Stanton requesting his medication; however, he did not receive any response to his letters. According to Plaintiff, on January 22, 2003, at 7:00 a.m., he had a heart attack at the Daphne City Jail. The paramedics were summoned and upon their arrival, they administered oxygen and nitroglycerin to him, and prepared to transport him to the hospital. Defendant Stanton brought Plaintiff's personal property to him while he was on the stretcher and insisted that he sign a bond releasing him on his personal recognizance before he was transported. After he signed the bond, Plaintiff was taken to the hospital where he was treated and told that he needed to be hospitalized as he was within stroke range. Once Plaintiff advised that he did not have insurance, he was kept at the hospital for six hours before officials called a pastor who provided Plaintiff a bus ticket home.

According to Plaintiff, this incident has resulted in his medication being increased, which in turn prevents him from obtaining job. Plaintiff asserts that he has incurred debts in excess of $2000, and in his prayer for relief, Plaintiff requests declaratory and injunctive relief

3

(which he requests be in the amount of $30,000 from each Defendant), and punitive damages in the amount of $50,000 from each Defendant.

**II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is required to review his Complaint under 28 U.S.C. § 1915(e)(2)(B).[1]   § 1915(e)(2)(B)(I) provides that a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."   Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).   A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.   Id.   Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   Id.   Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts

---

[1] The predecessor to this section is 28 U.S.C. § 1915(d).  Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000).  However, dismissal under § 1915(e)(2)(B) is now mandatory.  Bilal, 251 F.3d at 1348-49.

that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984) (citation omitted); see Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)). Dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. Jones v. Bock, ___ U.S. ___, ___, 127 S.Ct. 910, 920-21 (2007).

**III. Discussion.**

In screening Plaintiff's Complaint, the undersigned finds that his claims against Defendants Doe and Bowlin are due to be dismissed. The claims against Defendant Doe are based on forgetting Plaintiff's medication upon transporting him to the Daphne City Jail, and then forgetting to retrieve the medication upon Doe's next trip to the Baldwin jail. Although Plaintiff describes, on page 3-A of his Complaint, these claims as resulting from Defendant Doe's deliberate indifference, his allegations reflect at most negligent actions by Defendant Doe. "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663 (1986); see Davidson v. Cannon, 474 U.S. 344, 348, 106 S.Ct. 668, 671 (1986)("As we held in Daniels, the protections of the Due

Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."); Porter v. White, 2007 WL 1074714, at *11 (11th Cir. Apr. 12, 2007) (holding that in the absence of evidence of more-than-negligent conduct, section 1983 liability was precluded for a Brady violation that resulted in plaintiff's conviction, which was subsequently overturned for said violation). Because Plaintiff's claim is based on negligence, his constitutional rights are not implicated. Therefore, he has failed to state a § 1983 claim. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (finding a causal connection must be established between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim under § 1983 upon which relief may be granted).

Moreover, an alternate basis for the dismissal of this claim is the statute of limitations.  Plaintiff maintains that he was transferred to the Daphne City Jail in October, 2002; however, he did not initiate this action until January 2005. (Doc. 1).  In Alabama, the statute of limitations for a § 1983 action is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).  The Code provides that the statute of limitations

> "'does not begin to run until the facts which
> would support a cause of action are apparent
> or should be apparent to a person with a
> reasonably prudent regard for his rights.'" .

> . .   Thus Section 1983 actions do not accrue
> until the plaintiff knows or has reason to
> know that he has been injured. . . .   Nor
> will a Section 1983 action accrue until the
> plaintiff is aware or should have been aware
> who has inflicted the injury. . . .

Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (citations omitted).

In the instant action, Plaintiff knew of his claims against Defendant Doe at or near the time of the alleged incident, yet he did not file the present action until January 13, 2005, which is more than two years after his claims against Defendant Doe accrued. (Doc. 1).  Accordingly, Plaintiff's claims against Defendant Doe are barred by the two-year statute of limitations, and are due to be dismissed for failure to state a claim upon which relief can be granted. Jones, 127 S.Ct. at 920-21 (2007) (when an affirmative defense, such as a statute of limitations, appears on the face of a complaint, a complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim); cf. Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (when an affirmative defense would defeat a claim, such as the statute of limitations, the claim may be dismissed as frivolous).

Plaintiff's claims against Defendant Bowlin are likewise due to be dismissed.  Defendant Bowlin is alleged to have instructed Defendant Stanton, the Chief Jailer, to ensure that Plaintiff received his high blood pressure medication and to have failed to ensure that her instructions were carried out.  Plaintiff states

7

that Defendant Bowlin was acting in her capacity as a Magistrate when she gave Defendant Stanton, the person who would be overseeing Plaintiff's custody, this instruction. It is evident that Defendant Bowlin was attempting to address Plaintiff's concern about his medication even though she was not his custodian and was not responsible for his daily living conditions. Thus, the fact that Defendant Bowlin did not check to see if Defendant Stanton carried out the instruction does not constitute a violation of Plaintiff's constitutional rights by Defendant Bowlin.

Furthermore, based upon Plaintiff's assertions, Defendant Bowlin issued this order in October, 2002. Clearly, Plaintiff was aware of his claim based on the order near the time it was issued; yet, he id not file this action until January 2005. Thus, this claim is barred by the two-year statute of limitations and is subject to dismissal.[2] <u>Lufkin</u>, <u>supra</u>.

Plaintiff also alleges that he later wrote a note to Defendant Bowlin in November or December 2002, complaining about not receiving his medication. It is not clear if this note was written to her in her capacity as magistrate judge, or in her jail administrator capacity, which title he briefly mentions in a

---

[2]The Court is foregoing a discussion of whether judicial immunity is available to Defendant Bowlin in regard to the damages claims due to the other grounds for dismissal of the claims against her. <u>See</u> <u>City of Bayou LaBatre</u>, 785 So.2d 1128, 1133 (Ala. 2000) ("This court has extended the principle of judicial immunity to the discretionary judicial acts of magistrates and clerks of court. . . .").

listing of her titles. Plaintiff provides no additional information about the jail administrator capacity. Nonetheless, his other allegations make it apparent that Defendant Stanton, as Chief Jailer, is the individual who operates the Daphne City Jail and who has charge of Plaintiff's physical custody. Therefore, it cannot be said, based on these facts, that Plaintiff has stated a claim against Defendant Bowlin for a violation of his constitutional rights.

Furthermore, this claim appears to have arisen in November or December, 2002, when Plaintiff sent the note to Defendant Bowlin, and she failed to provide a timely response. Thus, Plaintiff was aware of this claim around the time the note was sent; however, he did not file this action until more than two years later, in January 2005. Accordingly, this claim against Defendant Bowlin is also barred by the statute of limitations and is subject to dismissal. Lufkin, supra.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that the claims against Defendants Doe and Bowlin be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because Plaintiff's claims against them are either frivolous or fail to state a claim upon which relief may be granted.

The attached sheet contains important information regarding

objections to the Report and Recommendation.

**DONE** this **24th** day of **May 2007.**

>                /s/ SONJA F. BIVINS
> **UNITED STATES MAGISTRATE JUDGE**

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.