IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JIMMIE D. FAIN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 05-00030-CG-B |
| | ) |
| **MARY BOWLIN, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on the report and recommendation of the magistrate judge (Doc. 11) and the objection of petitioner to the report and recommendation (Doc. 15). The magistrate judge recommended that defendants Doe and Mary Bowlin be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because the claims against them are either frivolous or fail to state a claim upon which relief may be granted. Upon a de novo review of those portions of the report and recommendation to which objection is made, the court agrees with the findings of the magistrate judge and finds that defendants Doe and Mary Bowlin should be dismissed from this action.

Plaintiff's claim against defendant Doe[1] arises from Doe having forgotten in October 2002, to pick up plaintiff's blood pressure medication when transporting plaintiff from the Baldwin County Jail to the Daphne City Jail. During the transport, defendant Doe, after being informed of his mistake, told

---

[1] The true name of defendant Doe is unknown, but he is described as an officer assigned to the second shift at the Daphne Police Department.

1

plaintiff he would retrieve the medication on his next trip to the Baldwin County Jail.  Plaintiff never received the medication although he made several inquiries to jail personnel.  On January 22, 2003, plaintiff suffered a heart attack.  The Magistrate Judge found that plaintiff's claim is one of negligence and, therefore, fails to state a constitutional claim against Doe.  Additionally, the Magistrate found that the claim against Doe was time barred.

Plaintiff's objection contends that his claim is not merely negligence, but that defendants were deliberately indifferent.  According to plaintiff, he repeatedly asked for his blood pressure medication but was denied such medication.  Plaintiff concedes that "forgetting to pick up medication or even not administering it one or two days" may constitute negligence but maintains that the repeated failure when he made daily inquiries constitutes deliberate indifference.  However, defendant Doe is only alleged to have forgotten to bring the medication initially and to have forgotten a second time upon returning to the Baldwin County Jail sometime later.  Repeated inquiries were not made of Doe, but of jail personnel.  The court notes that the Magistrate has not recommended the dismissal of defendants Stanton, Snow, and Scott, who are all described as jail personnel who allegedly failed to provide the medication at issue.  After reviewing the complaint, the court agrees that plaintiff's claim against Doe fails to state a constitutional claim.

Moreover, the court agrees with the Magistrate's finding that the claim against Doe is time barred.  The complaint was filed on January 18, 2005, approximately two years and three months after Doe forgot to pick up plaintiff's medication when transporting plaintiff.  Although the persons responsible for his care at the Daphne City Jail allegedly failed to provide the medication at issue through January 22, 2003, there is no indication that Doe was responsible for any lack of care after

October 2002. As such, plaintiff's claim against Doe was filed more than two years after it arose and is, therefore, time barred. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

As for plaintiff's claim against defendant Bowlin, the court also finds that it is frivolous and time-barred. Plaintiff appeared before Bowlin in her capacity as a Magistrate in October 2002, approximately twelve hours after arriving at the Daphne City Jail. After plaintiff was advised of the charges and fines against him and was told that he would have to serve time, plaintiff advised Bowlin that he needed his medication. Bowlin reportedly instructed defendant Stanton to ensure that plaintiff received his medication. Plaintiff claims that in November or December 2002, he wrote a note to Bowlin complaining about not receiving his medication. Plaintiff's objection argues that because Bowlin had authority to incarcerate plaintiff and to order that the medication be provided that she was somehow responsible for the failure of jail personnel to carry out her order. However, the court disagrees. Bowlin was not charged with plaintiff's care at the jail and plaintiff has offered no authority or factual circumstances by which she can be held liable for the jail personnel's continued failure to provide medication. The court finds that plaintiff's claim against Bowlin is frivolous and, additionally, that because it was filed more than two years after he appeared before Magistrate Bowlin and had any contact with Bowlin, that it is time barred.

## **CONCLUSION**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a de novo determination of those portions of the report and recommendation to which

objection is made, the report and recommendation of the magistrate judge made under 28 U.S.C. § 636(b)(1)(B) is **ADOPTED** as the opinion of this court. It is **ORDERED** that defendants Doe and Mary Bowlin are hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

      **DONE** and **ORDERED** this 20th day of June, 2007.

                                                /s/ Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE